Manuel Machado **ALVAREZ,**
Petitioner—Appellant,

v.

Jeanne S. **WOODFORD,** Warden, California State Prison at San Quentin, Respondent—Appellee.

No. 03–99000.
D.C. No. CV–97–01895–GEB–JFM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Decided Nov. 12, 2003.

Connie Alvarez, AFP, Jennifer M. Corey, Sacramento, CA, for Petitioner–Appellant.

Brett Morgan, Lauara W. Simpton, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM *

This is an interlocutory appeal by California death row inmate and habeas corpus petitioner Manuel Machado Alvarez. The magistrate judge ordered Alvarez to produce certain ordinarily privileged documents to the government in order for the government to defend against Alvarez's ineffective assistance of counsel claims. The district court denied reconsideration of the magistrate judge's order, and it is from this denial that Alvarez now appeals.

The government challenges our jurisdiction. The district court's order is not a final judgment, but it fits within "[that small class] of orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too

independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Bittaker v. Woodford*, 331 F.3d 715, 717–18 (9th Cir.2003) (en banc). We have jurisdiction to hear this appeal.

On the merits of this appeal, our decision is controlled by our en banc decision in *Bittaker*. A habeas petitioner cannot raise a claim of ineffectiveness against his trial counsel while at the same time asserting that documents relevant to that claim are protected by the attorney-client privilege. *Id.* at 716. Here, the Magistrate Judge gave careful consideration to each document at issue, such that "only those documents or portions of documents relating to the [claim asserted by the client]" would be disclosed. *Id.* at 720 (*quoting United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir.1999)).

As to the work product doctrine, we explained in *Bittaker* that the same concerns that dictate waiver of the attorney-client privilege by a habeas petitioner raising an ineffectiveness claim also dictate the waiver of the work product protection. *Id.* at 722 n. 6. The same logic forecloses Alvarez's argument that the documents are protected by the psychotherapist-patient privilege. To allow Alvarez to at once claim that his mental state was not properly investigated and presented by counsel and also claim that the government is barred from accessing information about his mental state is simply inequitable. *See id.*

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.